UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,       )
                                )
v.                              )        No. 3:05-CR-127
                                )        (VARLAN/SHIRLEY)
ANDRE MCGRAW,                    )
                                )
                Defendant.       )
                                )

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on April 13, 2006, for a motion hearing. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney James A.H. Bell was present representing Defendant McGraw, who was also present.

Defendant McGraw filed a pro se motion to continue the impending May 22, 2006 trial date [Doc. 31] on April 11, 2006, in order that his newly appointed counsel might have time to become familiar with his case. At the hearing, Attorney Bell likewise requested that the trial date be continued, indicating that he would need additional time to review the case and prepare for trial. Attorney Bell further stated that he believed he was scheduled to be in trial on May 22. The government stated that it did not object to the defendant's requested continuance in light of the Court's new appointment of counsel for the defendant.

1

The Court also notes that Attorney Bell confirmed that he had discussed with the defendant his right to a speedy trial, that the defendant understood his rights, and that Defendant McGraw, by and through counsel, agreed that the continuance was in his best interest.

At the hearing, the Court also addressed Defendant McGraw's pro se suppression motion [Doc. 30], filed out-of-time on April 10, 2006. The Court stated that it would accept the defendant's motion and permit Attorney Bell to supplement it. The Court also instructed Attorney Bell that if, after reviewing the case, he needed to file further motions, he could move for the Court's leave to file that particular motion. The Court further advised defense counsel that if he anticipated filing any such motions, that he needed to do so at least one to two weeks before the impending May 25 motion hearing, in order for the government to have time to file a response.

The Court finds the defendant's motion to continue the trial [Doc. 31] to be well taken and finds that the ends of justice served by granting the oral motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching May 22, 2006 trial date, the Court finds that the failure to grant a continuance would deprive Attorney Bell, who has only recently become counsel for Defendant McGraw, adequate time to review the discovery previously provided, assess the need to file further motions, and prepare the case for trial. Furthermore, the Court will need time to hear evidence and argument on the pending suppression motion and other late filed motions, if any, to consider the motions and prepare a Report and Recommendation, for the parties to object to the Report, for the District Court to rule upon any objections, and for the parties to prepare for trial. See 18 U.S.C. § 3161(h)(1)(J). The Court finds that this process could not be accomplished before the May 22, 2006 trial date or in less than approximately four (4) months. The Court finds that if the continuance were not granted a

miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the defendant's motion to continue the trial [**Doc. 31**].

In light of these findings and its granting of the defendant's motion to continue the trial [Doc. 31], the Court set a new trial date of **August 15, 2006**. The Court further finds, and the parties agreed, that all the time between the **April 13, 2006** hearing and the new trial date of **August 15, 2006**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(J), -(h)(8)(A)-(B). Regarding further scheduling, a motion hearing is scheduled for **May 25, 2006, at 9:30 a.m.** to hear all pending motions. No further pretrial conferences shall be scheduled at this time.

Accordingly, it is **ORDERED**:

(1) The Court accepts Defendant McGraw's Motion to Suppress [Doc. 30], filed out-of-time on April 10, 2006;

(2) Defendant McGraw's motion to continue the trial [**Doc. 31**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **August 15, 2006, at 9:00 a.m.,** before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the **April 13, 2006** hearing and the new trial date of **August 15, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

(5) A motion hearing is scheduled in this case for **May 25, 2006, at 9:30 a.m.** to hear the pending motions.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge