UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-127 |
| | ) | (VARLAN/SHIRLEY) |
| ANDRE MCGRAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause is before the undersigned on the defendant's Motion For Leave To File Motions [Doc. 36], filed on April 20, 2006, and Motion To Amend Motion For Leave To File Further Motions [Doc. 38], filed on April 21, 2006.

In his pleading [Doc. 36], counsel for Defendant McGraw states that on April 13, 2006, a motion hearing was held for the purpose of entertaining pretrial motions in this case. He notes that it was on this date that he was actually appointed as counsel of record for the defendant and that the Court continued the hearing until May 25, 2006, in part, to give him time to assess the need to file further pretrial motions. The Court notes that while it did not extend the motions deadline, it did instruct counsel that he could seek leave of Court to file further motions [Doc. 35]. Thus, to the extent counsel seeks leave to file the six (6) motions specifically referenced in the defendant's pleading [Doc. 36, p.3, (a)-(f)] and the three (3) motions specifically referenced in his

1

amended pleading [Doc. 38, p.3-4, (a)-(c)], the Court **GRANTS** the defendant's pleadings [**Docs. 36 and 38**], noting that the defendant has represented [Doc. 38] that the government does not oppose Defendant's Motions For Leave To File Further Motions [Docs. 36 and 38].

Counsel also indicates [Doc. 36] that, in addition to seeking leave to file the previously referenced motions, he anticipates filing further motions before the May 25 hearing. The Court previously instructed counsel that "if, after reviewing the case, he needed to file further motions, he could move for the Court's leave *to file that particular motion*" [Doc. 35, p.2]. While the Court did not set a deadline, per se, it did instruct counsel that "if he anticipated filing any such motions, that he needed to do so at least one to two weeks before the impending May 25 motion hearing." In other words, counsel was encouraged to request any such leave expeditiously so that any motions could be taken up at the hearing. Counsel has apparently calculated this to mean that he has until May 11 to file *any* motion [Doc. 36, para. 6]. The Court disagrees.

To the extent that counsel accesses the need to file further motions, beyond the nine motions he has already sought leave to file [Docs. 36, p.3 and 38, p.3-4], counsel must (1) move for the Court's leave to file that particular motion, and (2) file that particular motion concurrently with the motion for leave to file. Thus, absent any showing of the type of motion the defendant desires to file or of specific need, the defendant's request for a generalized leave to file additional motions is **DENIED**.

Thus, Defendant's pleadings [**Docs. 36 and 38**] are **GRANTED in part**, to the extent counsel seeks leave to file the nine (9) motions specifically referenced therein, but are **DENIED**, to the extent they request a generalized leave to file additional motions. The government's deadline for filing responses to the aforementioned nine motions is **May 12, 2006**. All other dates in this

case, including the May 25, 2006 suppression/motion hearing, shall remain the same at this time.

Accordingly, it is **ORDERED**:

(1) Defendant's pleadings [**Docs. 36 and 38**] are **GRANTED in part**, to the extent counsel seeks leave to file the nine (9) motions specifically referenced therein;

(2) Defendant's pleadings [**Docs. 36 and 38**] are **DENIED**, to the extent counsel requests a generalized leave to file additional motions;

(3) The government's deadline for filing responses to Defendant's additional nine motions is **May 12, 2006**; and

(4) All other dates in this case, including the **May 25, 2006** suppression/motion hearing, shall remain the same at this time.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge