UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-127 |
| | ) | (VARLAN/SHIRLEY) |
| ANDRE MCGRAW, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the Court on May 25, 2006, for a scheduled motion hearing. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney James A.H. Bell was present representing Defendant Andre McGraw, who was also present.

At the hearing, the Court took up the following pending motions:

(1) Request For Disclosure Of Exculpatory Evidence And Incorporated Memorandum In Support Thereof [Doc. 40];

(2) Motion For Disclosure Of Evidence Pertaining To Photographic Lineup Identification [Doc. 41];

(3) Motion For Disclosure Of Major Criminal Incident File Maintained By Knoxville Police Department And Memorandum In Support Thereof [Doc. 43];

(4) Motion For Agents To Retain Rough Notes [Doc. 45];

(5) Motion For Evidence Arguably Subject To Suppression Under Rule 12(b)(4)(B) [Doc. 47];

(6) Motion For Notice Of Any Rule 404(B) Evidence The Government Seeks To Introduce At Trial [Doc. 49];

(7) Request Of Rule 16(a)(1)(E) Expert Information [Doc. 51];

(8) Motion For Disclosure Of Jencks Material [Doc. 53]; and

(9) Specific Brady Request Pertaining To History Of Firearm And Memorandum In Support Thereof [Doc. 54].

## I. Analysis

The Court will endeavor to address the defendant's motions largely in the order that the parties elected to present their arguments at the motion hearing.

### A. Disclosure of Exculpatory Evidence

The defendant requests [Doc. 40] that this Court issue an Order requiring the government to disclose certain discovery [Doc. 40, p. 2-3, (a)-(o)], that is favorable to or exculpates the defendant in any way; that tends to establish a defense in whole or in part to the allegations in the indictment; or that may help the defendant avoid conviction or mitigate punishment.

The government responds [Doc. 55] that it is familiar with its obligations under Brady and Giglio and will abide by their requirements, but resists providing prior to trial the impeachment material requested by the defendant in this motion. It notes that if impeachment evidence is within the ambit of the Jencks Act, it cannot be compelled to disclose that evidence

before trial.[1]  It also notes that United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988), and its "in time for use at trial" mandate, controls its timing obligations with regard to the disclosure of Brady/Giglio evidence.  Even so, at the May 25 hearing, the government stated that it did not have any exculpatory evidence in its possession at this time, but that it would comply with its Brady/Giglio obligations and turn over any evidence to which the defendant is entitled, if and when it did receive any exculpatory evidence.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. at 87.  The Court's Order on Discovery and Scheduling [Doc. 7, para. E.] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady.  Furthermore, the government has acknowledged its duty to disclose exculpatory evidence and has, in fact, stated that it does not have any exculpatory evidence to turn over at this time.[2]  In light of the above, the Court perceives that no further ruling is necessary.  Thus, the defendant's request for exculpatory evidence [**Doc. 40**] is **DENIED as moot**.

---

[1] While this is a correct statement, the prosecution is reminded of the admonition and strong encouragement in paragraph O of the Order on Discovery and Scheduling [Doc.7].

[2] The government is also reminded of its obligation to not only turn over exculpatory evidence in its actual possession, but also the files of law enforcement agents acting on the government's behalf in the case, including, in this case, the Knoxville Police Department officers that qualify.

### B. Photographic Lineup

The defendant moves [Doc. 41] this Court for an Order requiring the government to disclose all photographs used by the Knoxville Police Department in the photo array from which he was allegedly identified by Melvin Allen and Tony Lynn Wallace, and any other evidence relating to the identification of the defendant from the photographic lineup, including any recordings, documents or notes. The government responds [Doc. 55] that (1) it is aware of its obligations pursuant to Rule 16 and the Court's Order on Discovery and Scheduling [Doc. 7, para. G], and (2) a color copy of said photographic lineup was furnished *via* United States mail upon Defendant's counsel on April 27, 2006.

At the May 25 hearing, defense counsel informed the Court that this motion was "not in contention" and, accordingly, no argument was requested or made by the defendant's attorney. Accordingly, the defendant's Motion For Disclosure Of Evidence Pertaining To Photographic Lineup Identification [**Doc. 41**] is **DENIED as moot** in light of the fact that the government has furnished the requested material to the defendant.

### C. Major Criminal Incident File

The defendant moves [Doc. 43] the Court for an Order requiring disclosure by the government of the Major Criminal Incident ("MCI")File maintained by the Knoxville Police Department. In support thereof, the defendant avers that: (1) his alleged prior felony convictions, as enumerated in the Indictment [Doc. 2] and in his motion [Doc. 43, p. 2], are essential elements

for the commission of the crime for which he has been indicted[3]; (2) the government either should possess, or in the alternative, constructively possess the requested discovery materials, and (3) the requested materials are material to preparing the defendant's defense and, thus, discoverable pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure.

The government responds [Doc. 55] that, first, Rule 16(a)(1)(E) does not require it to procure information, rather it is directed to produce information that is "within its possession, custody, or control." It further states that the government neither has custody of, possesses nor controls historical files of the Knoxville Police Department and, thus, the MCI File relating to the defendant's past criminal conduct is not discoverable under this provision. Second, in accordance with Rule 16 and the Court's Order on Discovery and Scheduling [Doc. 7], the government states that, on November 23, 2005, it provided the defendant with a copy of his criminal history record and copies of certified judgments of convictions pertaining to the defendant's prior convictions. Finally, the government argues that the MCI File contains police reports and investigative documents relating to Defendant's prior convictions which are irrelevant to the current charge and not subject to disclosure under Rule 16(2).

At the May 25 hearing, defense counsel acknowledged that the government had, in fact, provided the defendant with a copy of his criminal history record, as enumerated in the government's response [Doc. 55, p. 6]. Defense counsel, likewise, acknowledged that the criminal court file is a matter of public record, but, nonetheless, argued that the production of the MCI File was necessary in order for counsel to completely investigate the defendant's prior convictions and

---

[3] Defendant is charged with being a felon in possession of a firearm. [18 U.S.C. §§ 922(g)(1) and 924(e)]. See [Doc. 2].

to determine whether those convictions were subject to collateral attack. Counsel further noted that he did not have the authority to obtain the MCI File from the Knoxville Police Department without the government's consent.

The government, on the other hand, argued that the MCI file was not discoverable and that it was also largely irrelevant. It further contended that the state felony convictions were presumptively valid and that, in any event, this was not the proper forum to debate the validity of the defendant's prior convictions. The government also indicated to the Court that it would not seek to introduce a record revealing the nature of the defendant's prior felony convictions if the defendant agreed to stipulate to his previous felony convictions.

The Court's Order on Discovery and Scheduling [Doc. 7, para. A(2)] provides that the "[t]he government shall permit the defendant to inspect and copy....[t]he defendant's arrest and conviction record." Further, Federal Rules of Criminal Procedure 16(a)(1)(E) states as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and copy...books, papers, documents...if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

The Court finds, as represented by defense counsel, that the government has already provided the defendant with a copy of his criminal history record. Thus, the only remaining issue is whether the Major Criminal Incident File maintained by the Knoxville Police Department is discoverable under Rule 16.

The defendant states in his motion [Doc. 43, para. 8] that "because the requested material [MCI File] contain a record of incidents, the occurrence of which are conditions precedent

to the charged offense," the MCI File is material to preparing the defendant's defense. While the Court concedes that in order to prove a violation of 18 U.S.C. § 922(g)(1), the government must prove that, *inter alia*, that the defendant had a previous felony conviction, the Court notes that "proof of a defendant's prior felony convictions is admissible for purposes of proving a § 922(g)(1) violation, even if the prior convictions are constitutionally deficient." United States v. Steverson, 230 F.3d 221, 224 (6th Cir. 2000)[4]. In other words, "[t]he defendant's status on the date of the offense controls whether the felon in possession laws have been violated." United States v. Olender, 338 F.3d 629, 636 (6th Cir. 2003). Further, the United States Supreme Court held that "with the sole exception of convictions obtained in violation of the right to counsel," a defendant may not collaterally attack prior state convictions for the purposes of avoiding sentence enhancement under § 924(e). United States v. Custis, 511 U.S. 485, 496 (1994). The defendant may, however, challenge the state conviction in state court or in an independent habeas corpus proceeding, and if successful, seek to reopen sentencing applied under § 924(e). See Turner v. United States, 183 F.3d 474, 477 (6th Cir. 1999).

Based on the above, and the fact that (1) the government has already provided the defendant with a copy of his criminal history record and copies of certified judgments of convictions pertaining to the defendant's prior convictions and (2) the government has indicated that is will seek the defendant's stipulation to his previous felony convictions pursuant to Old Chief v. United

---

[4] As noted by the Court in Steverson, in Lewis v. United States the Supreme Court addressed the question of whether a prior state felony conviction that was subject to collateral attack on the basis that it was obtained in the complete absence of defense counsel could serve as a predicate offense for a violation of 18 U.S.C.App. § 1202(a)(1) (1985 ed.) [predecessor to current felon-in-possession-of-a-firearm statute]. The Court held that the statute "prohibit[ed] a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds. See Steverson, 230 F.3d at 224-25 (citing Lewis, 445 U.S. 55, 56 (1980)).

7

States[5], the Court finds that the Major Criminal Incident (MCI) File maintained by the Knoxville Police Department is not subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure. Accordingly, the defendant's Motion For Disclosure Of Major Criminal Incident File Maintained By Knoxville Police Department [**Doc. 43**] is **DENIED**.

### D. Retain Rough Notes

The defendant moves [Doc. 45] the Court for an Order requiring all agents and law enforcement officers who investigated the events resulting in the instant prosecution be required to retain and preserve all rough notes taken as part of their investigation pursuant to Brady and Jencks. The government responds [Doc. 55] that it will abide by this Court's standing Order on Discovery and Scheduling which orders the government to advise its agents and officers to preserve all rough notes. [Doc. 7]. At the May 25 hearing, the government again reiterated to the Court that it will comply with the Court's Order [Doc. 7] and stated that, if any notes exist, they would be turned over to the defendant. The government further stated, however, that there were no notes in this case.

The Court finds that it has already ordered [Doc. 7, para. H] the relief requested by the defendant: "The government shall advise its agents and officers involved in this case to preserve all rough notes." The Court likewise finds that it has already ordered the government to turn over materials within the scope of Brady [Doc. 9, para. E]. To the extent that the defendant seeks anything beyond the Court's Order, the defendant's Motion For Agents To Retain Rough Notes [**Doc. 45**] is **DENIED**.

---

[5] 519 U.S. 172 (1997).

### E. Rule 12(b)(4)(B) Evidence

The defendant moves [Doc. 47] the Court, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, to issue an Order requiring the government to disclose evidence the government intends to use in its case-in-chief at trial or that would otherwise be arguably subject to suppression under Rule 12(b)(3)(C). The government responds [Doc. 55] by giving notice that it intends to use all of the evidence provided during discovery in its case-in-chief.

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978). Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence.

In this case, counsel for the government has indicated that it has in fact provided all discovery required by Rule 16, and furthermore, stated that it intends to use all of the evidence provided during discovery in its case-in-chief. For these and the above mentioned reasons, the Court finds that the defendant has received the evidence sought. Accordingly, the defendant's Motion For Evidence Arguably Subject To Suppression Under Rule 12(b)(4)(B) [**Doc. 47**] **is DENIED as moot** in light of the fact that the government has given notice of its intention to use all the evidence provided during

discovery in its case-in-chief.

### F. Rule 404(B) Evidence

The defendant moves [Doc. 49] the Court, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, and Rule 104(a) and (c) of the Federal Rules of Evidence, for an Order requiring the government to give notice of its intention to introduce as evidence at trial, in it case-in-chief, for impeachment, or for rebuttal, any evidence of "other crimes, wrongs, or acts" of the defendant. In regard to that notice, the defendant requests that the government identify and describe such evidence in the manner indicated in his motion.

The government responds [Doc. 55] that it will abide by this Court's Order on Discovery and Scheduling [Doc. 7, para. I] and will provide such information, should it exist, within a reasonable time before trial. As to the defendant's request for this Court to issue an order directing the government to disclose the *manner* in which such 404(b) information will be introduced, the government argues that such requests are beyond the scope of Rule 404(b).

At the May 25 hearing, counsel for the government again reiterated that the government would continue to comply with the Court's Order on Discovery and Scheduling [Doc. 7], but also indicated to the Court that it does not have any Rule 404(b) evidence at this time.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 7] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. At the May 25 hearing, defense counsel stated to the Court that one week advance notice

of Rule 404(b) evidence which the government intends to introduce at trial was sufficient notice. In light of this statement and the government's statement that it does not have any 404(b) evidence at this time, the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling [Doc. 7].

With regard to the type of information the government must provide in its 404(b) notice, the Sixth Circuit has held that "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Barnes, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. Id. at 1149. Furthermore, the Advisory Committee Notes to the rule confirm that the government must only provide general information in its notice:

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

Guided by the case law and the Advisory Committee Notes to the rule, I do not find that the defendant is entitled to the level of detail in the notice that he is requesting. Instead, the government is simply ordered to give notice of the general nature of any 404(b) evidence it intends

11

to introduce at trial. If the defendant believes that the government is not entitled to introduce the evidence of which it gives notice, he may file a motion in limine seeking its exclusion. The government's response to such motion will inform the defendant of the theory or element which the government believes provides the basis for the evidence's admissibility under Rule 404(b). Furthermore, the Court would note that the defendant may be entitled to the documentary exhibit(s) he requests under the Order on Discovery and Scheduling as a part of discovery in the case. See Fed. R. Crim. P. 16(a)(1)(E)(i)-(ii). Finally, the Court again notes that the government has represented that it does not have any 404(b) evidence at this time. In any event, the Court finds that a general notice would not prevent the defendant from preparing to exclude the 404(b) evidence.

Accordingly, the defendant's Motion For Notice Of Any Rule 404(B) Evidence The Government Seeks To Introduce At Trial [**Doc. 49**] is **DENIED** in light of the fact that Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

### G. Rule 16(a)(1)(E) Expert Information

The defendant moves [Doc. 51] the Court to issue an Order requiring the government to disclose any and all expert information entitled to the defendant pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. The government responds [Doc. 55] that it will comply with the time table provided in the Court's Order on Discovery [Doc. 7], which requires the government to provide to the defendant at least three weeks prior to trial any evidence discoverable under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. As to the defendant's request for information pertaining to the test-fire of the firearm at issue in this case, the government

indicates that (1) a witness will testify that the firearm functioned as designed, and (2) an expert witness will testify relating to the identification and interstate nexus of firearms. It also states that it has provided the defendant with a copy of the report and a written summary of the witness' proposed testimony, including qualifications, opinions, and the basis for those opinions.

At the May 25 hearing, defense counsel indicated that he had, in fact, received all documents pertaining to the firearm at issue and its certificate of origin. Attorney Bell further indicated that the expert information provided by the government is sufficient, to the extent that the government only intends to call the experts indicated in its response. The government stated that, at this time, these were the only two anticipated expert witnesses, but that if it determined the need to call another expert witness, the government would provide the defendant with notice at least three weeks prior to trial, in compliance with the Court's Order on Discovery.

Federal Rule of Criminal Procedure 16(a)(1)(G) [Expert Witnesses] states:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief.

Furthermore, The Court's Order on Discovery and Scheduling [Doc. 7, para A(3)] instructs the government to turn over to the defendants:

> Results or reports of physical or mental examinations, and of scientific tests, including, without limitation, any handwriting analysis or experiments, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, and, *as soon as possible but at least three weeks before trial*, unless the Court orders otherwise.

The Court finds that it has already ordered the government to turn over the discovery materials which

13

the defendant seeks in his motion in its Order on Discovery and Scheduling [Doc. 7], which requires the government to provide to defendants *at least three weeks prior to trial* any evidence discoverable under Rule 16(a)(1)(G). Further, defense counsel has indicated to the Court that the expert information which the government has thus furnished to the defendant is sufficient. Also, the government has indicated that it will continue to comply with the Court's Order on Discovery and Scheduling [Doc. 7] in the event it determines the need to call additional expert witnesses.

Accordingly, the defendant's Request for Rule 16(a)(1)(E) Expert Information [**Doc. 52**] is **DENIED as moot**.

### H. Jencks Act Materials

The defendant moves [Doc. 53] the Court to issue an Order requiring the government to disclose any recordings, whether video, audio or documentary, of witness interviews relating to the incident of the alleged shooting that led to the investigation and prosecution of the defendant. The defendant asserts that the disclosures requested directly relate to the identification of the defendant, particularly, the suggestiveness of the photo array and are therefore discoverable under Rule 16 of the Federal Rules of Criminal Procedure. He further asserts that if the identification of the defendant was a result of suggestiveness on the part of the Knoxville Police Department, the identification is subject to suppression and also discoverable pursuant to Rule 12(b)(4)(B).

The government responds [Doc. 55] that (1) Rule 12(b)(4)(B) is not designed to be used to obtain more specific discovery than that provided by Rule 16, (2) as the Sixth Circuit has previously recognized in United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988), it is without authority to order the government to provide Jencks Act material prior to the completion of a

government witness's direct examination, and (3) this Court's Order on Discovery and Scheduling [Doc. 7, para. 0] strongly encourages the government to provide Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions at trial.  The government indicates that it will provide Jencks material in a manner so as not to delay any hearing or trial, but also notes that the defendant's possession of the firearm stems from a violent offense (a shooting) and that the government has a strong interest in protecting its witnesses from potential violence, retaliation and/or intimidation.

At the May 25 hearing, the government stated that there is no Jencks Act material pertaining to the witnesses it intends to call in the trial of the case.  It reiterated, nonetheless, that it will continue to comply with the Court's Order on Discovery and Scheduling [Doc. 7].

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2.  The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies:  "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the

15

witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 7, para. O] also "strongly" encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

The Court notes that although early disclosure is encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute. Furthermore, the defendant's expressed need for early disclosure, that of preventing delay of the trial, is one that is present in every case. Thus, the Court finds that the defendant has stated no compelling need for early disclosure. In any event, in the end, this Court simply does not have authority to order the pretrial production of Jencks materials. Presser, 844 F.2d at 1283. Nonetheless, not only has counsel for the government indicated that it is her policy to provide Jencks Act materials in a manner so as not to delay any hearing or trial, but has also stated that there is no Jencks material pertaining to the witnesses the government intends to call in the trial of the case.

Accordingly, to the extent the defendant seeks to compel early production of Jencks Act materials, the defendant's motion [**Doc. 53**] is **DENIED**.

## I. Specific Brady Request

The defendant moves [Doc. 54] the Court for an Order requiring the government to disclose certain documents pertaining to the history of the firearm allegedly possessed by the defendant. The government responds [Doc. 55] that on May 11, 2006, the government forwarded a copy of the ATF firearms trace report to the defendant *via* facsimile and United States Mail.

At the May 25 hearing, defense counsel stated that he has, in fact, already received the material requested from the government. In light of counsel's representation, the Court perceives that no further ruling is necessary. Thus, the defendant's Specific Brady Request [**Doc. 54**] is **DENIED as moot**.

## II. Conclusion

Accordingly, **IT IS ORDERED:**

(1) Defendant's Request For Disclosure Of Exculpatory Evidence [**Doc. 40**] is **DENIED as moot**;

(2) Defendant's Motion For Disclosure Of Evidence Pertaining To Photographic Lineup Identification [**Doc. 41**] is **DENIED as moot**;

(3) Defendant's Motion For Disclosure Of Major Criminal Incident File Maintained By Knoxville Police Department [**Doc. 43**] is **DENIED**;

(4) Defendant's Motion For Agents To Retain Rough Notes [**Doc. 45**] is **DENIED**;

(5) Defendant's Motion For Evidence Arguably Subject To Suppression Under Rule 12(b)(4)(B) [**Doc. 47**] is **DENIED as moot**;

(6) Defendant's Motion For Notice Of Any Rule 404(B) Evidence The Government Seeks To Introduce At Trial [**Doc. 49**] is **DENIED**;

(7) Defendant's Request Of Rule 16(a)(1)(E) Expert Information

[**Doc. 51**] is **DENIED as moot**;

(8) Defendant's Motion For Disclosure Of Jencks Material [**Doc. 53**] is **DENIED**; and

(9) Defendant's Specific Brady Request Pertaining To History Of Firearm [**Doc. 54**] is **DENIED as moot**.


**IT IS SO ORDERED.**

             ENTER:


              s/ C. Clifford Shirley, Jr.
              United States Magistrate Judge