UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-127 |
| | ) | (VARLAN/SHIRLEY) |
| ANDRE MCGRAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on June 22, 2006, for a motion hearing on the defendant's Second *Pro Se* Motion to Withdraw James A.H. Bell As Attorney For Defendant [Doc. 71], filed on June 13, 2006, and Attorney Bell's Motion For Psychiatric Evaluation [Doc. 72], filed on June 19, 2006. Assistant United States Attorney Tracee Plowell was present representing the government. Attorney James A.H. Bell was present representing Defendant McGraw, who was also present.

In support of his Motion For Psychiatric Evaluation [Doc. 72], Attorney Bell argues that the defendant has: (1) demonstrated a pattern of unwillingness or inability to cooperate with any appointed counsel in the instant case [Doc. 72, p. 1-5], (2) irrationally accused counsel of deliberately sabotaging his case by exposing privileged information to the AUSA, (3) irrationally accused an investigator of "ambushing" his sister, (3) refuses to believe the outcome of the

1

investigation in this case despite being advised by several sources of similar findings, and (4) now disclosed information in his *pro se* motion [Doc. 71] which was protected by work/product privilege. Mr. Bell opines that reasonable cause does exist to believe that the defendant may be suffering from a mental disease or defect that renders the defendant incompetent, to the extent that he is unable to assist properly in his own defense, and, as such, it is Mr. Bell's ethical obligation to request a hearing to determine the competency of the defendant.

While the government did not file a written response to Mr. Bell's motion, at the June 22 hearing, AUSA Plowell stated that she was inclined to agree with Mr. Bell's request for mental evaluation, noting that the defendant appeared to be behaving in an irrational manner and had made similar allegations with regard to each attorney appointed by the Court. AUSA Plowell also stated that she objected to the defendant's *pro* se motion for new counsel, again noting that Defendant McGraw seemed to have a pattern of "not getting along" with very competent counsel.

At the June 22 hearing, the Court, upon the defendant's request, permitted the defendant to speak on his own behalf, but only after the Court reminded him of his constitutional right to remain silent and not to incriminate himself and not to make a statement regarding matters outside of the motions pending. The defendant stated that he understood his rights. With regard to Mr. Mr. Bell's motion for psychiatric evaluation, the defendant stated that he "vehemently"objected. When asked to explain Defendant's grounds for requesting Attorney Bell's removal, Defendant McGraw indicated that (1) Mr. Bell filed an unnecessary (supplemental) motion to suppress, (2) the supplemental motion contained factual errors, (3) the supplemental motion exposed all the details of his case/argument to the prosecution, and (4) there was a lack of communication between him and Mr. Bell.

2

After careful review of the motions [Docs. 71 and 72] and arguments made by Attorney Bell and Defendant McGraw, the Court **DENIED** both motions [**Docs. 71 and 72**]. The Court noted that Attorney Bell was, in fact, the fourth attorney appointed to represent the defendant, and that each of the defendant's requests for new counsel appeared to be predicated on him not being able to "get along" with counsel. The Court further noted that each attorney appointed to represent the defendant was experienced in federal court and had appeared and performed quite competently in this Court in the past.

Specifically, with regard to the grounds indicated by Defendant in support of his motion for removal of Attorney Bell, the Court found that the supplemental Motion To Suppress [Doc. 57], filed by Attorney Bell on May 16, 2006, was not improper, as the Court almost always asks counsel to supplement *pro se* motions and, in fact, invited Attorney Bell to do so at the April 13, 2006 motion hearing. Second, to the extent the supplemental motion contains any errors, the Court has already ordered [Doc. 73] that the defendant's requested revisions be incorporated into the memorandum in support of the motion and, thus, the Court found this to be a nonissue. Third, despite being given ample opportunity at the June 22 hearing to point out the specific paragraphs contained within the supplemental suppression motion which constituted "exposure" of his case, the defendant was either unable or refused to do so and, instead, maintained that the entire motion was improper exposure. The Court disagreed with the defendant and found that Attorney Bell provided a relatively terse "Statement Of Facts" in the motion [Doc. 57] and further found no evidence of any fact being filed that would expose the defendant's case or would not be relevant to the Court. Finally, with regard to Defendant's contention that there is a lack of communication between him and Mr. Bell, the Court noted that it heard conflicting testimony as to this issue. While the Court

3

admonished Mr. Bell to take Defendant's complaints to heart, the Court also admitted that Defendant appeared to have a problem with listening because: (1) he always wanted to talk and convey his own point of view, instead of listening to others, and/or (2) he wouldn't listen to legal advice he didn't like.

While the Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, this right is not absolute and it does not guarantee an indigent defendant the right to counsel of his choice. United States v. Cook, 41 F.3d 1508, 1994 WL 637720, *2 (6th Cir. Nov. 10, 1994) (unpublished opinion). To warrant substitution of appointed counsel...a defendant must demonstrate "good cause." Id. Based on the above findings, the Court did not find good cause to remove counsel and/or to warrant substitution of appointed counsel and, thus, **DENIED** the defendant's *pro se* motion [**Doc. 71**] to remove Attorney Bell as counsel of record.

With regard to Mr. Bell's Motion For Psychiatric Evaluation [Doc. 72], the Court found that there is nothing irrational about Defendant's request for a new attorney. The Court found that many of Defendant's faulty conclusions were more consistent with a lack of legal training and a refusal to listen to counsel, rather than being a product of mental disease or defect. The Court found the defendant to be quite intelligent, and did not find him to be delusional or to be suffering from any mental illness that would render him incompetent. Based on the defendant's written and oral statements, the Court found that Defendant had good recall of dates and facts and Defendant appeared logical, even though some of his deductions concerning his case appeared to be based on false premises. Nonetheless, the Court viewed this as more of a difference of opinion between Defendant and counsel, rather than a defect in competency. Based on the above findings, the Court did not find reasonable cause to believe Defendant is incompetent to proceed under 18 U.S.C. §

4

4241 *et seq*. and, thus, **DENIED** Attorney Bell's Motion For Psychiatric Evaluation [**Doc. 72**].

Accordingly, the Court **DENIES** Defendant McGraw's Second *Pro Se* Motion to Withdraw James A.H. Bell As Attorney For Defendant [**Doc. 71**] and Attorney Bell's Motion For Psychiatric Evaluation [**Doc. 72**].

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge