UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CR-127 |
| | ) | (VARLAN/SHIRLEY) |
| ANDRE MCGRAW, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's Motion to Amend/Revise Objections to Magistrate's Order [Doc. 86] in which defendant's counsel objects to Magistrate Judge C. Clifford Shirley's Memorandum and Order [Doc. 85] filed on July 5, 2006, denying defendant's previously filed Motion for Psychiatric Evaluation [Doc. 72]. In the pending motion, defendant's counsel reasserts the arguments made in the previously filed motion for psychiatric evaluation [Doc. 72] and Objections to Magistrate's Order [Doc. 84] and argues that defendant should be ordered to submit to a psychiatric evaluation pursuant to 18 U.S.C. § 4241 to determine if he is competent to stand trial. The government has filed a response to defendant's objection [Doc. 88] indicating that it does not oppose defendant's motion. The government states that "based on the Defendant's conduct throughout the pendency of this case and during the suppression hearing held on June 23, 2006, there is a bona fide doubt about Defendant's mental sufficiency, despite Defendant's personal protestations to the contrary." [Doc. 88 at 2.]

The Court has carefully considered the pending motion, the government's response, as well as Judge Shirley's Memorandum and Order denying defendant's previous motion. The Court notes that the record contains no transcript of the hearing before Judge Shirley on June 22, 2006, and therefore Judge Shirley's recitation of the evidence and findings of fact will be taken as true and correct. For the reasons set forth herein, the Court will deny defendant's motion.

A court may order a psychiatric or psychological evaluation of a defendant if the court has "reasonable cause" to believe that the person may be incompetent to stand trial. 18 U.S.C. § 4241(a) - (b); 18 U.S.C. § 4247(b); *U.S. v. White*, 887 F.2d 705, 709 (6th Cir. 1989) (holding that under § 4241, "the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial"). A defendant is deemed competent to stand trial if he or she is not "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Sixth Circuit has held that a court must find reasonable cause to believe a defendant is incompetent before ordering that he or she submit to a competency examination. *U.S. v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996). While there is no exact definition of "reasonable cause" within this context, the Supreme Court has held that any significant doubt as to the defendant's competency requires a psychiatric or psychological evaluation. *Pate v. Robinson*, 283 U.S. 375, 385 (1966).

2

After careful examination of Judge Shirley's memorandum and all relevant portions of the record, it appears to the Court that Judge Shirley did not err in determining there was no reasonable cause to believe defendant was incompetent to stand trial. On the basis of defendant's demeanor at the June 22 hearing, Judge Shirley found him to be "quite intelligent" and not apparently delusional or "suffering from any mental illness that would render him incompetent." [Doc. 85 at 4.] Judge Shirley also noted that defendant's written and oral statements indicated that he "had good recall of dates and facts" and "appeared logical, even though some of his deductions concerning his case appeared to be based on false premises." [*Id.*] Judge Shirley speculated that defendant's erroneous beliefs were more likely a product of "lack of legal training and a refusal to listen to counsel" rather than a mental defect and therefore ultimately denied defendant's counsel's motion for a psychiatric evaluation, concluding that defendant was competent to stand trial.

The Court agrees with Judge Shirley's determination that defendant does not appear to be delusional or suffering from a mental illness that would render him incompetent. Judge Shirley has had multiple opportunities to observe defendant and assess his competency and the Court will not second-guess his determinations as to defendant's mental condition. Accordingly, defendant's Motion to Amend/Revise Objections to Magistrate's Order [Doc. 86] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE