UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANDRE McGRAW, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:05-CR-127-TAV-CCS-1 |
| | ) | 3:17-CV-5-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 131]. He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. For the reasons below, Petitioner's motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2004, Petitioner pled guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 107, 108]. Based on four prior Tennessee convictions—a 1983 conviction for simple robbery [Presentence Investigation Report (PSR) ¶ 26], a 1986 conviction for armed robbery [Id. ¶ 27], a 1994 conviction for aggravated assault [*Id.* ¶ 28], and a 1994 conviction for attempted aggravated robbery [*Id.* ¶ 29], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [*Id.* ¶¶ 19. 50, 51]. In accordance with that designation, this Court sentenced Petitioner to 188 months' imprisonment on April 10, 2007

[Doc. 116]. Petitioner filed a pro se notice of appeal [Doc. 118], but the Sixth Circuit affirmed his conviction and sentence on September 25, 2008 [Doc. 126]. No request for a writ of certiorari was filed.

Over seven years later—on June 9, 2016—the Sixth Circuit transferred Petitioner's request for leave to file a successive petition to this Court, nothing that the absence of any prior collateral challenge made such authorization unnecessary [Doc. 130]. Because the *Johnson* decision does not provide a basis for the request relief, this Court need not address timeliness of the petition.

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner asserts a single ground for relief, arguing that the *Johnson* decision removed an undisclosed number of his prior convictions from § 924(e)'s definition of "violent felony" and that, without those convictions, he no longer qualifies for ACCA enhancement [Doc. 131].

## A. ACCA Categorization After the *Johnson* Decision

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a serious drug offense as an independent ACCA predicate. *See*, *e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that

3

*Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that at least three of his prior convictions categorically qualify as ACCA predicate offenses independent of the now-defunct residual clause.

To qualify as a violent felony under the use-of-physical-force clause prong of the statute, an offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The force involved must be "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Binding Sixth Circuit authority dictates that Petitioner's 1983 simple robbery and 1986 armed robbery convictions remain violent felonies under that provision. *See United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically

4

violent felonies under the ACCA's use-of-physical-force clause."). Further, because the use-of-physical-force clause includes attempted uses of force, Petitioner's 1994 conviction for attempted aggravated robbery qualifies under that provision as well. *See, e.g.*, *Blake v. United States*, No. 2:13-cv-2663, 2016 WL 4153618, at * 8 (finding that the petitioner's prior Tennessee conviction for attempted aggravated robbery remained a crime of violence after the *Johnson* decision).

Because at least three prior convictions remain violent felonies under provisions unaffected by the *Johnson* decision, Petitioner has not established an entitlement to relief. The Court need not address Petitioner's 1994 conviction for aggravated assault.

## IV. CONCLUSION

For the reasons discussed above, the § 2255 motion [Doc. 131] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

5